UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

TRUSTEES OF THE MASSACHUSETTS LABORERS'
HEALTH AND WELFARE FUND, MASSACHUSETTS
LABORERS' PENSION FUND, MASSACHUSETTS
LABORERS' ANNUITY FUND, NEW ENGLAND
LABORERS' TRAINING TRUST FUND and
MASSACHUSETTS LABORERS' LEGAL SERVICES FUND,     C.A. No.
                Plaintiffs,

vs.

PEGASUS & SONS MASONRY CO., INC.,
                Defendant.

---

## VERIFIED COMPLAINT

### NATURE OF ACTION

1. This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and §301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185, by employee benefit plans to enforce the obligations to make contributions and pay interest due to the plans under the terms of a collective bargaining agreement and the plans.

### JURISDICTION

2. The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), and concurrent jurisdiction pursuant to §301 of the LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

**PARTIES**

3. The Massachusetts Laborers' Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). It provides health, dental and prescription benefits and life insurance, accident insurance, and accident and sickness benefits to participants. The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, ("the Fund office") within this judicial district.

4. The Massachusetts Laborers' Pension Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). It provides participants with a defined pension benefit. The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

5. The Massachusetts Laborers' Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). This Fund is a defined contribution fund. The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

6. The New England Laborers' Training Trust Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). This Fund trains apprentices and journey workers in the construction industry. The Fund is governed by its Trustees and is administered at 37 East Street, Hopkinton, Massachusetts, within this judicial district.

7. The Massachusetts Laborers' Legal Services Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

8. The Health and Welfare, Pension, Annuity, Training and Legal Services Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the Funds." The Funds are third party beneficiaries of the collective bargaining agreement between Defendant Pegasus & Sons Masonry Co., Inc. ("Pegasus") and the Massachusetts & Northern New England Laborers' District Council ("Union").

9. Defendant Pegasus is a Massachusetts corporation with a principal place of business at 31 Mora Street, Dorchester, Massachusetts, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.

## GENERAL ALLEGATIONS OF FACT

10. On or about February 1, 2008, Pegasus agreed in writing to be bound to the terms of the Acceptance of Agreement(s) and Declarations of Trust establishing Plaintiff Funds, to the terms of collective bargaining agreements requiring contributions to Plaintiff Funds, and to any successor agreements. A true and accurate copy of Pegasus's signed Acceptance of Agreement(s) and Declarations of Trust ("Acceptance of Agreements") is attached hereto as Exhibit A.

11. Because of the Acceptance of Agreements, Pegasus is party to the Building and Site Construction Agreement between the Union and the Associated General Contractors Association of Massachusetts, Inc. and the Building Trades Employers' Association of Boston and Eastern Massachusetts, Inc. (the "CBA"), as well as the collective bargaining agreements between the Union and the General Contractors' Association of Pittsfield, Massachusetts, Inc. and between the Union and the Construction Industries Association of Western Massachusetts,

Inc. All of the agreements' terms that are relevant to this case are materially the same as those contained in the CBA. A copy of the relevant pages of the 2016 - 2020 CBA is attached hereto as Exhibit B.

12. The CBA requires employers to make contributions to each of the Plaintiff Funds for each hour worked by covered employees at rates prescribed therein. See Ex. B, pp. 25-30, 49.

13. The CBA also requires employers to remit contributions to the New England Laborers' Health and Safety Fund, the New England Laborers' Labor-Management Cooperation Trust, the Massachusetts Construction Advancement Program and the Massachusetts Laborers' Unified Trust (collectively the "non-ERISA Funds") for each hour worked by covered employees at prescribed rates. Further, it specifies that dues and contributions to the Laborers' Political League ("LPL") shall be deducted from the pay of each employee and forwarded to the Funds. Id. at 21-22, 26-27, 31-33.

14. The Fund office collects the contributions owed to all of the ERISA and non-ERISA Funds and the dues owed to the Union.

15. All employers that are delinquent in the payment of contributions are charged interest on the delinquency at the rate of 10 percent per annum, liquidated damages in the amount of 20 percent of the delinquency, and reasonable attorneys' fees and costs to collect the delinquency. Id. at 34-35.

16. Signatory contractors such as Pegasus are obligated to submit remittance reports on a monthly basis, on which they list the hours worked by their employees and calculate the amount of contributions due the Funds for all work performed by their employees in a given month. They are also required to submit to periodic audits of their payroll related records.

17. Pegasus has failed to submit contributions and reports in a timely manner for the months of March, April and May 2018. On information and belief, Pegasus employed laborers for work covered by the CBA during these months.

### COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS

18. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 17 above.

19. The failure of Pegasus to make payment of all contributions owed to Plaintiff Funds on behalf of all covered employees violates §515 of ERISA, 29 U.S.C. §1145.

20. Absent an order from this Court, Pegasus will continue to ignore its obligations to remit the contributions it owes to the Funds.

21. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

### COUNT II - VIOLATION OF COLLECTIVE BARGAINING AGREEMENT - DELINQUENT CONTRIBUTIONS, INTEREST, AND DUES

22. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 21 above.

23. The CBA is a contract within the meaning of §301 of the LMRA, 29 U.S.C. §185.

24. The failure of Pegasus to pay the contributions it continues to owe for March, April and May 2018, to remit the deducted dues, and to submit remittance reports violates the terms of the CBA.

**WHEREFORE**, Plaintiffs request this Court grant the following relief:

      a.      Order the attachment of the machinery, inventory, bank accounts and accounts receivable of Pegasus;

      b.      Order Pegasus to make available to the Plaintiff Funds or their duly authorized representative all of its payroll records, including, but not limited to, file copies of contribution reports, payroll tax returns, employees' earning records and hours worked, weekly payroll registers, certified payrolls, cash disbursement journals and a complete listing of all job locations from its last audited date until the date of the Court's order for the purpose of ascertaining the amounts, if any, of unpaid contributions owed for that period;

      c.      Enter a preliminary and permanent injunction enjoining Pegasus from refusing or failing to permit the Plaintiff Funds to audit the payroll records as prayed for in the preceding paragraph;

      d.      Enter a preliminary and permanent injunction enjoining Pegasus from refusing or failing to pay the contributions and interest owed to the Funds;

      e.      Enter judgment in favor of the Funds on Count I in the amount of all contributions due for the months of March, April and May 2018, plus any additional amounts determined by the Court to be owed to the Funds or which may become due during the pendency of this action, together with interest on the unpaid contributions at 10 percent per annum, liquidated damages in an amount equal to 20 percent of the total of unpaid contributions or the total interest owed, whichever is greater, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2);

      f.      Enter judgment in favor of the Funds on Count II for the amount of any unpaid contributions and dues for the months of March, April and May 2018, plus any additional amounts determined by the Court to be owed to the Funds or which may become due during the pendency of this action; and

  g. Such further and other relief as this Court may deem appropriate.

           Respectfully submitted,

           TRUSTEES OF THE MASSACHUSETTS
           LABORERS' HEALTH AND WELFARE
           FUND, *et al.*,

           By their attorneys,

           /s/ Anne R. Sills
           Anne R. Sills, Esquire
           BBO #546576
           Sasha N. Gillin, Esquire
           BBO #690769
           Segal Roitman, LLP
           33 Harrison Avenue, 7th Floor
           Boston, MA  02111
           (617) 742-0208, Ext. 232
           asills@segalroitman.com

Dated: July _25_, 2018

## VERIFICATION

  I, Louis A. Mandarini, III verify that I have read the above Verified Complaint, and the factual allegations set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief, and, as to those allegations, I believe them to be true.

  SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 24th DAY OF JULY, 2018.

                _____
                Louis A. Mandarini, III

ARS/sng&ts
6306 18-061/complt.doc